IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MONICA VALLADARES, | ) | CV F 04-6606  AWI SMS |
| | ) | |
| Plaintiff, | ) | ORDER ON VARIOUS |
| | ) | MOTIONS BY PLAINTIFF |
| v. | ) | |
| | ) | |
| STEVE WESTLY, CALIFORNIA | ) | [Documents # 15, 17, and 18] |
| STATE CONTROLLER, | ) | |
| | ) | |
| Defendant | ) | |
| _____ | ) | |

      This is an action that was originally commenced in the Superior Court of Stanislaus County and was removed by plaintiff Monica Valladares ("Plaintiff") on November 24, 2004. The case apparently arose as a result of the eviction of Plaintiff from property located in rural Stanislaus County.  The case was dismissed from this court and remanded to the Superior Court on March 9, 2005.  The court noted that the removal statute vests removal authority in defendants only and a plaintiff who has filed a case in superior court may not remove that case to district court. Doc. 10.  Plaintiff has appealed the court's order dismissing and remanding the case and denying Plaintiff's motion for evidentiary hearing on removal of the case from Superior Court.

      Plaintiff has filed three motions; a motion to set aside order setting appeal bond, a motion for injunction pending appeal, and a motion to correct omission in the certificate of record.  There is also an objection to the order setting appeal bond, which the court interprets to be additional briefing on Plaintiff's motion to set aside order setting the appeal bond.

Pursuant to Rule 7 of the Federal Rules of Appellate Procedure,[1] "the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." The costs secured by Rule 7 are limited to the costs that are taxable to the appellant pursuant to Rule 39(e); which include costs for preparation and transmission of the record, and reporter's transcript, and the fee for filing the notice of appeal. See Richmark Corp. v. Timber Falling Consultants, Inc., 1991 WL 81866 (D. Or. 1991) (bond under Rule 7 covers only costs taxable to appellant under Rule 39 and not attorney fees).

Other than stating in her objection to the order setting the appeal bond that she does not understand what the bond is for or to whom the bond is to be paid, Plaintiff alleges no discernable reason why the bond should not be required. Plaintiff's motion to set aside the order setting appeal bond will therefore be denied and Plaintiff is directed to pay the bond to the clerk of this court for the reasons stated above.

Apparently in the alternative, Plaintiff moves for an order "staying execution on or any proceedings to enforce any type of judgment [or] order . . ." including the court's order of April 15, 2005 setting the appeal bond. Plaintiff's motion to stay is filed pursuant to Rule 62(c) of the Federal Rules of Civil Procedure. Rule 62(c) provides that when an appeal is taken from a final judgment "granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal . . . ." In this case, there is no final judgment that grants dissolves or denies an injunction; there is only the dismissal of the action in federal court and remand to the state court. To the extent Plaintiff is actually requesting the court stay imposition of the appeal bond, Rule 62 does not provide any authority for such a stay. To the extent Plaintiff is requesting the court stay any monetary judgments against plaintiff pursuant to Rule 62(d),

---

[1] All references to Rules hereinafter are to the Federal Rules of Civil Procedure unless otherwise specified.

2

such a stay would not be appropriate because there are no monetary judgments against Plaintiff that arise out of this case. To the extent Plaintiff may be requesting stay of execution of judgment in cases other than this case, the court lacks that authority. An injunction pending appeal is therefore not appropriate.

Plaintiff's "Motion to Require [the Clerk of the Court] to Correct Omission in Certificate of Record Dated April 14, 2005," is largely indecipherable. A standard Certificate of Record was issued to the Ninth Circuit on April 14, 2005, indicating the record was complete. Doc. 13. Although Plaintiff's motion to correct seems to allude to deficiencies in either the record or the certificate, Plaintiff specifies no deficiencies, nor are any apparent by inspection. It is conceivable that Plaintiff, having submitted a Transcript Designation and Ordering Form, is, or was, under the impression there were or are transcripts of proceedings that are pertinent to the appeal in this case. A letter from Gail Thomas, Court Reporter has been filed in connection with Plaintiff's case number CV 03-5450 informing Plaintiff there are no recorded proceedings with respect to that case. The same is true of this case.

Because no recorded proceedings have been held with respect to this case, and because Plaintiff fails to identify how the record or the certificate of record is deficient in any respect, Plaintiff's motion to correct will be denied.

THEREFORE, in consideration of the foregoing, Plaintiffs motion for injunction pending appeal, motion to set aside order setting appeal bond, and motion to correct the record or certificate of record are each DENIED.

IT IS SO ORDERED.

**Dated:   May 5, 2005**              _____/s/ Anthony W. Ishii_____
h2ehf                                  UNITED STATES DISTRICT JUDGE